Richard S. Yugler, OSB 80416
ryugler@landye-bennett.com
David L. Blount, OSB 80458
dblount@landye-bennett.com
David N. Goulder, OSB 79496
dgoulder@landye-bennett.com
LANDYE BENNETT BLUMSTEIN LLP
3500 Wells Fargo Center
1300 SW Fifth Avenue
Portland, Oregon 97201
(503) 224-4100/Facsimile (503) 224-4133

Attorneys for Plaintiff
NIKKO MATERIALS USA, INC., dba GOULD ELECTRONICS

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIKKO MATERIALS USA, INC., dba GOULD ELECTRONICS,<br><br>                    Plaintiff,<br><br>    vs.<br><br>NAVCOM DEFENSE ELECTRONICS INC., a corporation; ERNEST JARVIS, an individual; and HYRUM JARVIS, an individual,<br><br>                    Defendants. | Case No.: CV05-4158-JFW (VBKx)<br><br>**DECLARATION OF DAVID N. GOULDER IN SUPPORT OF PLAINTIFF'S MOTION TO REOPEN CASE AND ENFORCE JUDGMENT**<br><br>**Date:  April 6, 2009**<br><br>**Time:  1:30 p.m.**<br><br>**Judge:  Hon. John F. Walter**<br><br>**Judgment Entered:  April 26, 2007**<br><br>**Judgment Affirmed by Ninth Circuit:  August 19, 2008** |

I, DAVID N. GOULDER, declare as follows:

1. I am an attorney with Landye Bennett Blumstein LLP, co-counsel for plaintiff in the above-captioned matter.

2. I have personal knowledge of the facts herein and could and would testify competently thereto if called as a witness to testify.

3. Attached hereto as Exhibit A-1 is a true copy of the Judgment entered herein on April 26, 2007.

/////

LANDYE BENNETT BLUMSTEIN LLP
1300 SW Fifth Avenue, Suite 3500
Portland, OR  97201
(503)224-4100/F:(503)224-4133

DECLARATION OF DAVID N. GOULDER IN SUPPORT OF PLAINTIFF'S MOTION TO REOPEN CASE AND ENFORCE JUDGMENT - 1

*Dec. of Goulder.doc*

1    4.    Attached hereto as Exhibit A-2 is a true copy of the face page of defendant NavCom Defense Electronics' ("NavCom") Notice of Appeal filed one day after the entry of the Judgment herein.

5.    Attached hereto as Exhibit A-3 is a true copy of the May 10, 2007 letter wherein Gould first requested reimbursement from defendant NavCom for 60% of Gould's response costs incurred after July 31, 2006 consistent with Paragraph 3(a) of the Judgment entered herein.  (The enclosures forwarded with that letter are voluminous and are not included in Exhibit A-3.)

6.    Attached hereto as Exhibit A-4 is a true copy of the May 24, 2007 letter wherein Gould proposed procedures for the submission to, and payment of invoices by, NavCom pursuant to Paragraph 3(a) of the Judgment entered herein.

7.    Attached hereto as Exhibit A-5 is a true copy of the June 7, 2007 response from NavCom to Gould's May 10, 2007 and May 24, 2007 letters. NavCom did not pay any portion of the invoices submitted by Gould with its May 10, 2007 letter.

8.    Attached hereto as Exhibit A-6 is a true copy of Gould's August 6, 2007 letter responding to NavCom's June 7, 2007 letter.  Gould's August 6, 2007 letter provided certain additional documentation requested by NavCom and responded to specific objections raised by NavCom.  It also advised that NavCom's proposal to post a supersedeas bond of $470,571.34 (the amount of response costs requested in Gould's May 10, 2007 letter) for the duration of the appeal was insufficient given that Gould would continue to incur additional response costs each month thereafter until the appeal was decided.

9.    NavCom never responded to Gould's August 6, 2007 letter.

10.   In September 2007, Gould received its first reimbursement from WQA for a percentage of some of the response costs Gould had incurred.  In light of the partial reimbursement and the pending appeal, Gould elected to defer further collection efforts until after the Ninth Circuit had ruled on NavCom's appeal.

LANDYE BENNETT BLUMSTEIN LLP
1300 SW Fifth Avenue, Suite 3500
Portland, OR  97201
(503)224-4100/F:(503)224-4133

DECLARATION OF DAVID N. GOULDER IN SUPPORT OF PLAINTIFF'S MOTION TO REOPEN CASE AND ENFORCE JUDGMENT - 2

*Dec. of Goulder.doc*

11.     On June 3, 2008, the Ninth Circuit heard oral argument on NavCom's appeal. On August 19, 2008, the Ninth Circuit issued its six-page Memorandum (Not for Publication) affirming the Judgment in all respects. A true copy of the Ninth Circuit's Memorandum is attached hereto as Exhibit A-7.

12.     After the Ninth Circuit affirmed the judgment, on August 30, 2008, Gould again requested payment from NavCom for Gould's response costs incurred since July 31, 2006, consistent with Paragraph 3(a) of the affirmed Judgment. A true copy of that letter and the invoice are attached hereto as Exhibit A-8. (Again supporting documentation enclosed with the August 30, 2008 is voluminous and has not been included in this exhibit.) That letter and invoice detailed not only Gould's Total Response Costs, but also all amounts Gould had received from the WQA. It also detailed Gould's expenses in securing the WQA funds, and reduced the WQA awards received by Gould by those expenses, to determine the "Net Credits." Gould's Total Response Costs were then reduced by the Net Credits, resulting in the Net Response Costs to be allocated. It then requested that NavCom pay $1,514,387.65 (60% of the Net Response Costs less the credit of $56,328.93) within 30 days.

13.     On September 2, 2008, NavCom filed with the Ninth Circuit its Petition for Panel Rehearing. A true copy of that Petition is attached hereto as Exhibit A-9.  The Petition asserted that the "Memorandum adopts, without reference, the approach for the division of CERCLA liability proposed by the *Burlington Northern* dissent [in *U.S. v. Burlington Northern v. Santa Fe Railway Co.*, 520 F.3d 918 (9th Cir. 2003)], an approach that was specifically rejected in that decision." *Id.* at 1. The *Burlington Northern* case, however, is not a CERCLA contribution claim under 42 USC § 9613(f)(1), a statute that states:

> "In resolving contribution claims, the court may allocate response costs among liable parties using such equitable factors as the court determines are appropriate."

LANDYE BENNETT BLUMSTEIN LLP
1300 SW Fifth Avenue, Suite 3500
Portland, OR  97201
(503)224-4100/F:(503)224-4133

DECLARATION OF DAVID N. GOULDER IN SUPPORT OF PLAINTIFF'S MOTION TO REOPEN CASE AND ENFORCE JUDGMENT - 3

*Dec. of Goulder.doc*

Instead, *Burlington Northern* is an action brought under 42 USC § 9607(a) by the United States to recover response costs. The defendants defended on the basis that their CERCLA liability was divisible, not joint and several. The Ninth Circuit opinion considered the quantum of proof necessary to prove that defense, and specifically contrasted its task from that of a court allocating liability between parties in a statutory contribution claim under 42 USC § 9613(f).

14. By letter dated September 30, 2008, NavCom again refused to make any payments to Gould. Attached hereto as Exhibit A-10 is a true copy of that letter. Unlike the June 7, 2007 letter, the September 30, 2008 letter did not even propose a supersedeas bond. It simply denied that NavCom currently owed NavCom anything: "[in] summary, Gould's request is still premature, given the pending Superior Court insurance litigation and Ninth Circuit petition." *Id.* at 4.

15. On October 9, 2008, NavCom filed a Motion for Stay of Disposition of Petition for Panel Rehearing. A true copy of NavCom's Motion is attached hereto as Exhibit A-11. Gould filed its Opposition to NavCom's Motion on October 17, 2008, and NavCom filed its Reply on October 23, 2008. True copies of the Opposition and Reply are attached hereto as Exhibits A-12 and A-13.

16. On November 18, 2008, the Ninth Circuit granted NavCom's Motion for Stay of Disposition of Petition for Panel Rehearing pending the US Supreme Court's resolution of the *Burlington Northern* case. A true copy of the Order is attached hereto as Exhibit A-14.

17. NavCom's letters dated June 7, 2007 and September 30, 2008, assert that NavCom is entitled to offset all payments otherwise due to Gould under the declaratory judgment entered herein as a result of Gould's allegedly wrongful conduct with respect to certain insurance policies. NavCom filed in late July 2007 a state court case alleging that Gould had converted NavCom's rights to insurance under Hoffman and/or Gould insurance policies. A copy of an excerpt of that Complaint is attached hereto as Exhibit A-15.

LANDYE BENNETT BLUMSTEIN LLP
1300 SW Fifth Avenue, Suite 3500
Portland, OR  97201
(503)224-4100/F:(503)224-4133

DECLARATION OF DAVID N. GOULDER IN SUPPORT OF PLAINTIFF'S MOTION TO REOPEN CASE AND ENFORCE JUDGMENT - 4

*Dec. of Goulder.doc*

18. In this action, on September 1, 2006, less than one month before discovery in this case closed, NavCom filed a Motion to Modify the Scheduling and Case Management Order for the Purpose of Allowing Defendant to Amend its Answer to Allege a Counterclaim. The proposed counterclaim also alleged that Gould had improperly converted NavCom's rights to insurance under Hoffman and/or Gould policies that would have provided coverage for NDE's liability for the contamination at the NavCom Site. A true copy of the proposed counterclaim is attached hereto as Exhibit A-16. On September 21, 2006, the Court ordered the parties to file supplemental briefs addressing whether defendant's proposed Counterclaim was compulsory under Federal Rules of Civil Procedure 13(a). Exhibit A-17 hereto.

19. Both NavCom and Gould admitted that NavCom's proposed counterclaim was a compulsory counterclaim. True copies of NavCom's and Gould's Supplemental Briefs are attached hereto as Exhibits A-18 and A-19.

20. By its Order dated September 28, 2006, this Court denied NavCom's Motion, a true copy of which is attached hereto as Exhibit A-20. The Court specifically addressed and rejected NavCom's alleged "good cause" for delay in filing its Motion:

> "Defendant claims there is 'good cause' to continue the date for amending pleadings for the purpose of allowing Defendant to allege a counterclaim against Plaintiff for conversion of insurance assets on the grounds that Defendant did not learn until July 27, 2006 that 'Gould had settled and allegedly released the insurers from environmental claims related to the NavCom site.' Motion at 1. Defendant blames the delay in learning this information on actions allegedly taken by Plaintiff to 'stonewall' Defendant's efforts to conduct insurance-related discovery and claims that it has been 'diligent' in pursuing insurance-related discovery.

LANDYE BENNETT BLUMSTEIN LLP
1300 SW Fifth Avenue, Suite 3500
Portland, OR 97201
(503)224-4100/F:(503)224-4133

DECLARATION OF DAVID N. GOULDER IN SUPPORT OF PLAINTIFF'S MOTION TO REOPEN CASE AND ENFORCE JUDGMENT - 5

*Dec. of Goulder.doc*

> Upon review of the papers submitted by the parties, the Court disagrees that Defendant has been 'diligent' in its attempts to discover the facts underlying its proposed claim for conversion and finds that Defendant has failed to demonstrate 'good cause' sufficient to justify a continuance of the deadline for amending the pleadings currently set forth in the CMO. Accordingly, Defendant's Motion to Modify the Scheduling and Case Management Order for the Purpose of Allowing Defendant to Amend its Answer to Allege a Counterclaim is DENIED."

21. Excerpts from Gould's Opposition to NavCom's Motion are attached hereto as Exhibit A-21. Exhibits to that Opposition demonstrated that Gould had advised NavCom in the mid-1990s that Gould was then litigating with Gould's and Hoffman's insurance carriers and asserting coverage for all of Gould's environmental liabilities, including its liabilities arising from the NavCom Site; requested that NavCom forward to Gould copies of any Hoffman policies NavCom could find; and even invited NavCom to contact and speak with Gould's attorney in that insurance litigation.

22. Despite the Court's order denying NavCom the opportunity to file its counterclaim, and despite NavCom's admission that its counterclaim was compulsory, as noted above, NavCom filed an action in California Superior Court against Gould, as part of a larger action against insurance carriers. Ex. A-15. NavCom's Complaint asserts the same conversion claim it had previously sought to file as a compulsory counterclaim in this action. In November 2008, NDE filed a third amended complaint in the state action that has added claims that Gould has also breached the various contracts by which it divested itself of the NavCom System Division, the very documents at the core of Gould's claims against NDE in this action. A true copy of excerpts of that Third Amended Complaint are attached hereto as Exhibit A-22.

LANDYE BENNETT BLUMSTEIN LLP
1300 SW Fifth Avenue, Suite 3500
Portland, OR 97201
(503)224-4100/F:(503)224-4133

DECLARATION OF DAVID N. GOULDER IN SUPPORT OF PLAINTIFF'S MOTION TO REOPEN CASE AND ENFORCE JUDGMENT - 6

*Dec. of Goulder.doc*

23. In its letters dated June 7, 2007, and again in its September 30, 2008 letter, NavCom asserts that it is entitled to withhold all payments due to Gould under the declaratory judgment because NavCom's appeal is pending before the Ninth Circuit. In fact, this Court's Judgment was affirmed in its entirety on August 19, 2008. Only NavCom's Petition for Panel Rehearing, and its associated Motion to Stay, are now pending.

24. NavCom has never moved to stay the collection of the declaratory judgment or for approval of a supersedeas bond since the Judgment was entered on April 26, 2007, or even after it was affirmed on August 19, 2008. Thus, Gould has no security for the amounts that NDE now owes Gould.

25. On or about July 10, 2007, by Grant Deed, NDE conveyed to Safeway Inc., a neighboring property owner, the NavCom Property. A true copy of that Deed is attached hereto as Exhibit A-23. The Deed does not disclose the consideration paid to NavCom for the NavCom Property. However, a regional commercial real estate website reports that the NavCom Property was sold for $30,000,000, with a lease back to NavCom for only nine months. A true copy of that Web page is attached hereto as Exhibit A-24. Gould has not been able to secure any other information regarding the terms of the sale.

26. In its September 30, 2008 letter responding to Gould's August 30, 2008 request for reimbursement, NavCom correctly noted that Gould had inadvertently omitted a WQA payment of $170,038.63 that it had included as part of the "administrative 'in and out' WQA requirement, and that if the "swap checks" are shown they must be included both as a WQA award and a cost of securing WQA funds. Gould concurs. Gould included the "swap checks" to explain why NavCom would not receive a credit for 60% of every dollar received from WQA, and Gould's omission was inadvertent.

To correct this error, Gould has provided NavCom with a credit of $102,023.18 (60% of $170,038.63), as reflected in the February 13, 2009 cover

LANDYE BENNETT BLUMSTEIN LLP
1300 SW Fifth Avenue, Suite 3500
Portland, OR 97201
(503)224-4100/F:(503)224-4133

DECLARATION OF DAVID N. GOULDER IN SUPPORT OF PLAINTIFF'S MOTION TO REOPEN CASE AND ENFORCE JUDGMENT - 7

*Dec. of Goulder.doc*

1 letter that accompanied the recent February 13, 2009 Invoice No. NAV2009-3, an invoice for response costs paid for bills received from July through December 2008. A true copy of that cover letter and most recent invoice is attached hereto as Exhibit A-25.

27. As reflected in Exhibit A-25 attached hereto, NavCom owes Gould for invoices received through December 2008 a total of $2,156,007.86.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this document is executed in Portland, Oregon, on March 13, 2009.

_____
David N. Goulder

LANDYE BENNETT BLUMSTEIN LLP
1300 SW Fifth Avenue, Suite 3500
Portland, OR 97201
(503)224-4100/F:(503)224-4133

DECLARATION OF DAVID N. GOULDER IN SUPPORT OF PLAINTIFF'S MOTION TO REOPEN CASE AND ENFORCE JUDGMENT - 8

*476394.doc*